IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Civil Action No. 1:16-CV-00118 |
| Plaintiff, | ) ) | |
| v. | ) ) | COMPLAINT |
| MISSION HOSPITAL, INC., | ) ) | |
| Defendant. | ) ) ) | **JURY TRIAL DEMAND** |

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Christine Bolella ("Bolella"), Melody Mitchell ("Mitchell"), and Titus Robinson ("Robinson"), and a class of similarly situated employees, who were adversely affected by such practices. As more fully described below, the U.S. Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Mission Hospital, Inc. ("Defendant") failed to accommodate the religious beliefs of Bolella, Mitchell, Robinson, and other similarly situated employees. The Commission further alleges Defendant suspended Bolella without pay, and discharged Bolella, Mitchell, Robinson, and other similarly situated employees because of their respective religions. The Commission alleges in the alternative as to Bolella that Defendant forced her to resign because of her religion.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

1

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina, Asheville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the state of North Carolina and the City of Asheville, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Bolella, Mitchell, and Robinson each filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit has been fulfilled.

7. On September 30, 2015, the Commission issued to Defendant a Letter of Determination on each of Bolella and Mitchell's charges finding reasonable cause to believe that Title VII was violated with respect to Bolella and Mitchell and other similarly situated

employees, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. On December 15, 2015, the Commission issued to Defendant a Letter of Determination on Robinson's charge finding reasonable cause to believe that Title VII was violated with respect to Robinson and other similarly situated employees, and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the aforementioned Letters of Determination.

10. The Commission was unable to secure from Defendant in any of the charges filed by Bolella, Mitchell or Robinson, a conciliation agreement acceptable to the Commission.

11. On February 4, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation in each of Bolella, Mitchell and Robinson's charges.

12. All conditions precedent to the initiation of this lawsuit have been fulfilled.

a. <u>Defendant's Staff Immunization Policy</u>

13. From at least August 15, 2010 through present, Defendant has maintained a Staff Immunization Policy ("SIP") that requires employees to receive a flu vaccination annually, by no later than December 1 of each year.

14. Under Defendant's SIP, an employee may request a religious exemption to the requirement that she or he take the flu vaccine. The SIP provides that a religious exemption request must be made on or before a specific date or it is subject to being denied.

3

15. During all times relevant to this complaint, Defendant's deadline for religious exemption requests from the SIP was September 1 of the year the vaccination was required.

16. Once an employee makes a request for a religious exemption, Defendant determines whether the request is approved or denied.

17. Defendant's Manager of HR Direct Connect (hereafter sometimes "HR Manager") processes requests for exemption to the SIP's flu vaccination requirement that are made by employees based on the employee's religion.

b. Summary of Discriminatory Conduct

18. From on or about May 21, 2012 through the present, Defendant has engaged in unlawful employment practices at its hospital in Asheville, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). As described more fully below, Defendant discriminated against Bolella, Mitchell, Robinson, and other similarly situated employees by failing to accommodate their sincerely held religious beliefs that prevented the employees from complying with the SIP's flu vaccination requirement. Defendant also suspended Bolella without pay because of her religion, and discharged Bolella, Mitchell, Robinson, and other similarly situated employees because of their respective religions. In the alternative as to Bolella, Defendant forced her to resign (constructive discharge) because of her religion.

c. Bolella's Religious Beliefs

19. Defendant hired Bolella on May 21, 2012 as a pre-school teacher at the Mission Child Development Center, which is operated as part of Defendant, Mission Hospital.

20. Bolella is a practicing member of the Church of the Nazarene, which is of the Christian faith. Based on her religion, Bolella believes that the human body can naturally fight illnesses with prayer, and that she should not receive vaccinations or immunizations.

21. Until late 2012, Bolella had not received an immunization or vaccination since childhood. In late 2012, while employed by Defendant, Bolella received a flu vaccination as required by Defendant because she thought she had no other option, and that she had to choose between her religion and her livelihood. After receiving a flu vaccination in 2012, Bolella recommitted to her faith and beliefs and refused to take any further vaccinations or immunizations because of her sincerely held religious beliefs.

22. On or about November 19, 2013, Bolella requested a religious exemption from Defendant's flu vaccination requirement. Bolella completed a "Request for Religious Exemption" form ("exemption request") and submitted it to Defendant through Defendant's system called "HR Direct Connect."

23. On her November 19, 2013 exemption request, Bolella stated she could not receive a flu vaccination for religious reasons.

24. Around November 20, 2013, Defendant denied Bolella's request for a religious exemption from the flu vaccination requirement.

25. Defendant denied Bolella's request for a religious exemption from the flu vaccination requirement because Bolella made the request after the September 1, 2013 deadline.

26. On or about December 2, 2013, Defendant suspended Bolella without pay.

27. Defendant suspended Bolella without pay because she failed to receive a flu vaccination by midnight on December 1, 2013.

5

28. On or about December 2, 2013, Defendant's Manager of HR Direct Connect told Bolella that if Bolella did not receive the flu vaccination within two weeks, she would be terminated.

29. Defendant did not intend to allow Bolella to return to work unless Bolella received the flu vaccination.

30. Defendant refused to allow Bolella to continue working for Defendant unless she received the flu vaccination.

31. Bolella refused to receive the flu vaccination in December 2013.

32. Bolella's religious belief was in conflict with Defendant's employment requirement that Bolella receive the flu vaccination.

33. On or about December 13, 2013, Defendant terminated Bolella's employment because of her refusal to receive a flu vaccination.

34. In the alternative, on or about December 13, 2013, Defendant forced Bolella to resign because her religious beliefs conflicted with Defendant's employment requirement that she receive the flu vaccination.

d. <u>Mitchell's Religious Beliefs</u>

35. Defendant hired Mitchell around August 25, 2014 as a Psychiatric Intake Clinician.

36. Mitchell is a Christian who closely adheres to the teachings of Jesus Christ. Mitchell believes based on the Bible that her body is a temple and putting vaccinations in her body is wrong and disrespectful to God. Mitchell believes it is God's job to protect her from illnesses. Mitchell has not received a vaccination or immunization since childhood.

6

37. On or about November 26, 2014, Mitchell requested a religious exemption from Defendant's flu vaccination requirement.

38. In Mitchell's exemption request, Mitchell explained that she could not receive a flu vaccination because of her religious beliefs.

39. On or about December 3, 2014, Defendant denied Mitchell's request for a religious exemption from the flu vaccination requirement.

40. Defendant denied Mitchell's request for a religious exemption from the flu vaccination requirement because Mitchell made the request after the September 1 deadline.

41. Around December 8, 2014, the HR Manager told Mitchell that Mitchell's employment would be terminated unless Mitchell received the flu vaccination.

42. Defendant refused to allow Mitchell to continue working for Defendant unless she received the flu vaccination.

43. Mitchell did not receive the flu vaccination in December 2014.

44. Defendant terminated Mitchell on December 9, 2014.

45. Defendant terminated Mitchell because she did not receive the flu vaccination.

e. Robinson's Religious Beliefs

46. Defendant hired Robinson as a Psychiatric Technician on April 15, 2013.

47. Robinson is a member of the Islamic faith and has been a practicing Muslim since he was 9 years old. As a practicing Muslim, Robinson believes he should not be subjected to vaccinations/inoculations on the grounds that his body is a temple and natural herbs are used for healing the body. Robinson believes vaccinations and inoculations are artificial, unproven, and unsafe medical processes which are contrary to his religious beliefs. Since Robinson's 1998 conversion to Islam, he has not received any immunizations or vaccinations.

7

48. On or about April 15, 2013, in connection with his hire by Defendant, Robinson provided Defendant with a signed document entitled "Declaration of Vaccination Exemption" which was "seeking exemption from all vaccination and immunization requirements" on the basis of his religion.

49. On or about November 26, 2013, Defendant asked Robinson why he had not received a flu vaccination. Robinson told Defendant that he requested a religious exemption from the flu vaccination when he was hired.

50. On or about December 5, 2013, Robinson provided his supervisor with a copy of the exemption request (i.e., the document entitled "Declaration of Vaccination Exemption") that he had submitted on or about April 15, 2013.

51. Defendant did not grant Robinson a religious exemption from Defendant's flu vaccination requirement.

52. On or about December 12, 2013, Robinson completed Defendant's exemption request form requesting a religious exemption to Defendant's flu vaccination requirement.

53. The submission of Defendant's exemption request form on or about December 12, 2013 was Robinson's second request for a religious accommodation to Defendant.

54. On or about December 12, 2013, Defendant denied Robinson's exemption request that had been submitted on Defendant's exemption request form.

55. On or about December 12, 2013, Defendant denied Robinson's second request for an exemption from Defendant's requirement that he receive the flu vaccination.

56. Defendant denied Robinson's second request for a religious exemption from Defendant's flu vaccination requirement because it was submitted after the September 1 deadline.

8

57. On or about December 12, 2013, Defendant told Robinson that Robinson had to receive the flu vaccination or he would be terminated.

58. Defendant refused to allow Robinson to continue working for Defendant unless Robinson received the flu vaccination.

59. Robinson did not receive the flu vaccination in December 2013.

60. Defendant terminated Robinson on or about December 20, 2013.

61. Defendant terminated Robinson because he did not receive the flu vaccination.

f. Class Allegations

62. From around May 21, 2012 through the present, Defendant failed to provide other similarly situated employees with an accommodation of their sincerely held religious beliefs. Specifically, Defendant refused to exempt said employees from Defendant's requirement that employees receive an annual flu vaccination by December 1 of each year, even though said employees had a religious objection to receiving the flu vaccination which was communicated to Defendant.

63. Each affected employee requested a religious exemption from Defendant's flu vaccination requirement after the September 1 deadline set forth in the SIP.

64. Defendant denied religious exemption requests made by said employees after the September 1 deadline set forth in the SIP.

65. Upon information and belief, Defendant suspended one or more employees in addition to those employees identified by name herein, without pay because they did not receive a flu vaccination by the December 1 deadline in the applicable calendar year between 2012 and 2015.

9

66. Upon information and belief, Defendant terminated one or more employees in addition to those employees identified by name herein, because they did not receive a flu vaccination by the December 1 deadline in the applicable calendar year between 2012 and 2015.

67. Upon information and belief, one or more employees received a flu vaccination after his or her request for a religious exemption to Defendant's flu vaccination was denied. Such employees violated their religious beliefs because Defendant refused to grant their requests for a religious exemption to Defendant's flu vaccination requirement.

68. Defendant's actions described above were based upon the respective religions of the employees.

69. The employees affected by Defendant's practices described above in paragraphs 62 through 68 are aggrieved individuals who qualify as "Class Members" for purposes of this litigation.

70. Chelsea Kouns ("Kouns") is one such Class Member. Kouns is a follower of Daoism. Based on her sincerely held religious beliefs, Kouns is a strict vegan and does not believe in killing or consuming other living beings. Kouns objects to receiving the flu vaccination on religious grounds because the majority of flu vaccinations contain eggs and other animal products, i.e., other living beings.

71. Around December 8, 2014, Kouns submitted a request for a religious exemption from Defendant's flu vaccination requirement.

72. In December 2014, Defendant denied Kouns' request for a religious exemption from Defendant's flu vaccination requirement.

10

73. Defendant denied Kouns' request for a religious exemption from Defendant's flu vaccination requirement in December 2014 because Kouns made the religious exemption request after the September 1 deadline set forth in the SIP.

74. Defendant refused to allow Kouns to continue working for Defendant unless she received the flu vaccination.

75. After Defendant denied Kouns' request for a religious exemption from Defendant's flu vaccination requirement and before December 19, 2014, Kouns received a flu vaccination.

76. Kouns received a flu vaccination in December 2014 despite the fact that doing so violated her religious beliefs.

77. Kouns received a flu vaccination in December 2014 because she did not want to lose her job with Defendant.

78. When Kouns reported that she had received the flu vaccination, Defendant informed Kouns that she had already been terminated by Defendant.

79. Defendant terminated Kouns on or about December 19, 2014 because she had not received the flu vaccine.

f. Summary

80. Based on the allegations as set forth herein, Defendant failed to accommodate the religious beliefs of Bolella, Mitchell, Robinson, Kouns, and other similarly situated aggrieved individuals. The Commission further alleges Defendant suspended Bolella without pay, and discharged Bolella, Mitchell, Robinson, Kouns, and other similarly situated aggrieved individuals (hereafter "Class Members") because of their respective religious. The Commission alleges in the alternative as to Bolella that Defendant forced Bolella to resign.

11

81. The effect of the practices complained of above have been to deprive Bolella, Mitchell, Robinson, Kouns and the Class Members of equal employment opportunities and otherwise adversely affect their status as employees because of their respective religions.

82. The unlawful employment practices complained of above were intentional.

83. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Bolella, Mitchell, Robinson, Kouns and the Class Members.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against applicants and current or future employees based on their religious beliefs and/or their refusal to violate their religious beliefs.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against applicants and current or future employees by imposing arbitrary deadlines for requesting religious accommodations.

C. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against applicants and current or future employees by refusing to consider and grant religious accommodations or exemptions at the time that the request for religious accommodation is made.

D. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from discriminating against

applicants and current or future employees by refusing to grant religious exemptions to Defendant's flu vaccination requirement.

E. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, including an effective policy prohibiting religious discrimination and allowing for religious accommodation, all of which eradicate the effects of its past and present unlawful employment practices.

F. Order Defendant to make Bolella, Mitchell, Robinson, Kouns and the Class Members whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement or front pay.

G. Order Defendant to make Bolella, Mitchell, Robinson, Kouns, and the Class Members whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses, in amounts to be determined at trial.

H. Order Defendant to make Bolella, Mitchell, Robinson, Kouns, and the Class Members whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

I. Order Defendant to pay Bolella, Mitchell, Robinson, Kouns, and the Class Members punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

J. Grant such further relief as the Court deems necessary and proper in the public interest.

K. Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 28th day of April, 2016.

    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION

    P. DAVID LOPEZ
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    Equal Employment Opportunity Commission
    131 M Street, N.E.
    Washington, D.C. 20507


    s/ Lynette A. Barnes
    LYNETTE A. BARNES (NC Bar #19732)
    Regional Attorney

    KARA GIBBON HADEN
    Supervisory Trial Attorney

    s/ Stephanie M. Jones
    STEPHANIE M. JONES (GA Bar #403598)
    Trial Attorney
    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    Charlotte District Office
    129 West Trade Street, Suite 400
    Charlotte, N.C. 28202
    stephanie.jones@eeoc.gov
    Telephone: 704.954.6471

Facsimile: 704.954.6412

ATTORNEYS FOR PLAINTIFF