UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cv-00118-MOC-DLH

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| **MISSION HOSPITAL, INC.,** | ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the court on defendant's Motion for Summary Judgment (#13) and plaintiff's Motions to Strike (#22) and (#23). The court heard oral argument on these three Motions on July 31, 2017. The matter has been fully briefed and is ripe for review. Having considered the Motions and reviewed the pleadings, the court enters the following Order.

### I.  Background

This is a case about a flu vaccine and, specifically, defendant hospital's requirement that its employees receive a flu vaccination and accommodations provided to its employees related to that requirement. Several employees cited religious reasons for not complying with the hospital's vaccination requirement. Eventually, at least three employees were discharged. Plaintiff asserts that these employees were terminated for their sincerely held religious beliefs. Defendant claims that these employees were

-1-

discharged for failing to follow its accommodation procedure for religious exemptions for the flu shot vaccine. In addition, plaintiff asserts several issues with discovery and asks the court to strike or disregard certain portions of defendant's filings.

**II.     Applicable Standard**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id. The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Once this initial burden is met, the burden shifts to the nonmoving party. That party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Instead, that party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert Cnty., Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 252.

### III.  Discussion

The court will first review the defendant's Motion for Summary Judgment (#13). Then the court examines plaintiff's Motions to Strike (#22 and #23).

#### 1.  Motion for Summary Judgment

Plaintiff has lodged a case of religious discrimination under Title VII. Title VII prohibits unlawful employment practices that discharge an individual due to such individual's religion. See 42 U.S.C. § 2000e-2(a)(1). Pursuant to Title VII, an employer must "make reasonable accommodation for the religious observances of its employees, short of incurring an undue hardship." EEOC v. Firestone Fibers & Textiles Co., 515 F.3d 307, 312 (4th Cir. 2008) (citation and quotation omitted). To show a violation of this "reasonable accommodation" duty, an employee must prove that: "(1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; [and] (3) he or she was disciplined for failure to comply with the conflicting

-3-

employment requirement." U.S. Equal Employment Opportunity Comm'n v. Consol Energy, Inc., 860 F.3d 131, 141 (4th Cir. 2017) (citing Firestone Fibers, 515 F.3d at 312).

If plaintiff can demonstrate a *prima facie* case of religious discrimination, the Fourth Circuit employs a burden shifting approach, transferring the burden onto the defendant to demonstrate that it could not reasonably accommodate the plaintiff's religious needs without undue hardship. Firestone Fibers, 515 F.3d at 312. "This is a two-prong inquiry. To satisfy its burden, the employer must demonstrate *either* (1) that it provided the plaintiff with a reasonable accommodation for his or her religious observances *or* (2) that such accommodation was not provided because it would have caused an undue hardship—that is, it would have result[ed] in 'more than a *de minimis* cost' to the employer." Id. (citations and quotations omitted).

In the instant case, it is undisputed that the plaintiffs worked with vulnerable populations for defendant hospital. The claimants include an intake specialist, a pre-school teacher, and a technician, who either interacted with small children or directly with the hospital's patients. (#20) at 5. These individuals requested religious exemptions to the flu vaccine requirement. Plaintiff asserts that 250 employees at Mission Hospital have such religious exemptions to the flu requirement.

Plaintiff argues that the three discharged employees each had *bona fide* religious reasons for requesting the exemptions. One claimant, a pre-school teacher, believes that "our bodies are a temple and that God gave us dominion over our bodies" and "injecting the flu vaccine into her body is morally wrong." (#20) at 3. A second claimant, a psychiatric technician, believes that the followers of her religion are "healed by plants, fruits, and grains." (#20) at 4. The third claimant,

a triage mental health intake specialist, believes that "injecting chemicals and diseases into her veins is not something God intends and that it is wrong." (#20) at 4.

Each claimant, who were each employed by a hospital, made requests for religious exemptions to the flu vaccine requirement. It is undisputed that claimants had their requests for religious accommodations denied for being untimely filed.[1] (#20) at 3-4.

Mission Hospital had staggered dates to request exemptions to the flu vaccine requirement: exemption requests were due September 1 and all employees must be vaccinated by December 1. See (#16) at 16. Notices were distributed to employees that noted "Request for flu shot exemptions are due **September 1.**" Id. (emphasis in original). Notices also provided for certain instructions for religious exemptions.

Claimants deny actual notice of any information related to the availability of the religious exemption to the flu vaccine requirement. However, constructive notice of such an exemption is in dispute, or in other words whether the claimants knew or should have known of the exemption procedure given the flyers, screensavers, bulletin board postings, and other advertisements about the flu vaccine requirement. Moreover, the offer of employment provided to at least one of these claimants includes that the employment was conditional on the employee's agreement "to obtain annual mandatory flu vaccine when it becomes available…unless an exemption is granted." (#16) at 4. The offer of employment further provides a reference link for more information about the flu vaccine. Id.

This is not a case of whether the defendant hospital did or did not believe the claimant's religious beliefs. Instead, it rejected requests for religious accommodations because they did not

---

[1] Plaintiff asserts that one claimant actually filed two requests for religious exemptions, but does not dispute that only one was filed through the defendants HR Direct Connect system. (#20) at 4.

meet a prescribed deadline. At this stage in the proceeding, the court will assume—taking all facts in plaintiff's favor—that a *prima facie* case can be satisfied. That is, the claimants had sincerely held beliefs, communicated those beliefs to the employer, and adverse employment action was then taken for that reason. In plaintiff's version of the facts, claimants had religious beliefs related to vaccines, filed for religious exemptions that were denied, and were terminated for failing to meet the vaccine requirement.

Assuming *arguendo* that a *prima facie* case is established, the burden is then on the defendant to prove either that (1) it provided the plaintiff with a reasonable accommodation for his or her religious observances or (2) that such accommodation was not provided because it would have caused an undue hardship.

With regard to the first prong, plaintiff's own facts note that 250 of defendant's employees have been granted religious exemptions since 2010. (#20) at 6. Since 2012, plaintiff notes that 89 religious exemptions have been filed, with 23 denied. Id. By plaintiff's own admission, this means 74% of religious exemption requests (66/89) have been approved. Approving approximately 75% of religious exemption requests does not evince a prejudice against sincerely held religious beliefs. Indeed, a jury could reasonably find that a reasonable accommodation to the religious observances would be to timely file an exemption request.

With regard to the second prong, it must be noted that this defendant operates a large hospital and that these employees were interacting with vulnerable populations. A jury could reasonably find that strictly-enforced exemption procedures to vaccination requirements protected the hospital patients. If the hospital's other health care staff or patients suffered hospital-borne infectious disease, such an infection would increase costs to the hospital.

-6-

The facts here are not one sided. Just as a reasonable jury could find for the hospital defendant, a reasonable jury could find that the defendant was treating individuals differently if they did not request the exemption. In the hearing, the plaintiff noted that there was a "grace period" for those employees who did not meet the December 1 deadline, but no "grace period" for those that fail to meet the exemption's September 1 deadline. Moreover, the jury may find that the staggered dates themselves were unfairly targeting those with religious beliefs.

This case will proceed to jury trial, as there are genuine issues of material fact better decided at trial.

2. **Motions to Strike**

Plaintiff alleges discovery issues and asks the court to disregard certain declarations and statements made in support of defendant's Motion for Summary Judgment. (#22) and (#23). The court heard testimony concerning both Motions. In rendering its decision on the underlying Motion for Summary Judgment, the court has not considered the statements in question for the reason that they were unnecessary to the court's decision on the matter.

One Motion to Strike (#23) concerns certain paragraphs of Dr. Westle's expert testimony. The subjects of these paragraphs include facts about the prevalence and virulence of the flu virus. Plaintiff alleges that the defendant did not properly designate Dr. Westle as an expert. (#24) at 1-2. It is undisputed that Dr. Westle has medical training and was relying on information from medical sources such as the Centers for Disease Control and Prevention.

-7-

If plaintiff considers this medical professional as a non-expert in the field of medicine, it will have the opportunity, at trial, to challenge his credentials if and when he is offered as an expert witness. Accordingly, the Motion will be denied without prejudice, with the plaintiff having the ability to re-introduce its objection at trial.

With regard to the other Motion to Strike (#22), plaintiff contends that defendant did not properly disclose the declarations of several individuals. The court heard testimony about a spreadsheet containing many names and a considerable amount of information, with these individuals listed but not specifically noted. These eight individuals have now filed declarations in this matter. The names of these individuals are: Angela Felton, Peter Harvin, Debbie Parris Jones, Sonja Karamitrov, Brena Lepore, Aisha Jennings, Lynne Rollins, and Anna Velsh. (#22) at 1.

Defendant claims that these declarations were covered under attorney work product privilege, but it did not produce a privilege log. See (#32) at 3. Even if they were privileged, the defendant has now introduced these declarations. If these individuals are to testify at trial or their declarations used, defendant must have the opportunity to develop the record. Therefore, plaintiff will have the opportunity to depose any of these declarants if (1) their declarations are to be used at trial or (2) these declarants are to be called to testify at trial.

The case has had ten months of discovery and trial is imminent. The trial calendar will not be moved for this reason. The depositions, if they are to occur, shall occur prior

-8-

to trial. The Motion to Strike is denied, with plaintiff having the opportunity renew its objection at trial.

## IV. Conclusion

This is a case about flu shots and religious exemptions thereto. Plaintiff, on behalf of three claimants, has lodged a case of religious discrimination. At this point in the proceedings, there are genuine issues of material fact that could lead a reasonable jury to find for or against the plaintiff. Accordingly, the action will proceed to trial.

Plaintiff has also lodged two motions to strike alleging discovery issues. Each will be denied at this point. As to the Motion to Strike (#22), the plaintiff shall have the opportunity to depose any of the eight named declarants if their declarations are to be used at trial or if they are intended to be called to testify at the trial. Such depositions shall occur prior to the trial or the declarants will be excluded.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Summary Judgment (#13) is **DENIED**.

**FURTHER, IT IS ORDERED** that plaintiff's Motions to Strike (#22) and (#23) are also **DENIED**, without prejudice. Plaintiff may renew these Motions at trial.

Plaintiff may also have the opportunity, prior to trial, to depose the eight declarants named in its Motion to Strike (#22) if (1) their declarations are to be used at trial or (2) these declarants are to testify at trial. These depositions must occur prior to the

trial as the trial date will not be postponed for this reason. If the depositions do not occur prior to trial, their declarations cannot be used at trial and their testimony will be excluded.

Signed: August 7, 2017

Max O. Cogburn Jr
United States District Judge

-10-