# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# DOCKET NO. 1:16-CV-00118

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CONSENT DECREE |
| ) | |
| MISSION HOSPITAL, INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleges that Defendant Mission Hospital, Inc. ("Defendant") failed to accommodate the religious beliefs of Christine Bolella ("Bolella"), Melody Mitchell ("Mitchell"), and Titus Robinson ("Robinson") (collectively "Claimants"). The Commission further alleges Defendant suspended Bolella without pay, and discharged Bolella, Mitchell, Robinson because of their respective religions. The Commission alleges in the alternative as to Bolella that Defendant forced her to resign because of her religion.

Defendant has denied the Commission's allegations and contends that the Claimant's religious beliefs were accommodated. By entering in to this Consent Decree Defendant does not make any admission as to whether its actions violated Title VII of the Civil Rights Act of 1964 or any other state, federal or local law. Likewise, by entering into this Consent Decree the Commission does not disavow the allegations in its Complaint.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 19 below.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** as follows:

1. Defendant shall not discriminate against any person on the basis of religion within the meaning of Title VII**,** including by failing to provide a reasonable accommodation to the known bona fide religious beliefs of an applicant or employee.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII, or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay the total amount of Eighty-Nine Thousand Dollars ($89,000), less applicable withholdings, in settlement of the claims raised in this action to be split among the Claimants as directed by the Commission. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree. Defendant shall make payment by issuing a separate check payable to each Claimant as directed by the Commission, and by mailing each check to the respective Claimant at an address provided by the Commission. Within ten (10) days after the

checks have been sent, Defendant shall send to the Commission, a copy of the checks and proof of delivery to each Claimant. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that each Claimant may or may not incur on such payments under local, state and/or federal law.

4. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of each Claimant any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Numbers 430-2014-00471 (Bolella), 430-2014-00561 (Robinson), and 430-2015-00827 (Mitchell), including any events that occurred in connection with this lawsuit. Within ten (10) business days of the entry of this Consent Decree by the Court, Defendant shall change all references in its personnel records for each Claimant from "terminated" to "voluntarily resigned." Within fifteen (15) business days of the entry of this Consent Decree by the Court, Defendant shall report compliance of the terms contained within this paragraph to the Commission.

5. Defendant shall provide each Claimant with a positive letter of reference using the form attached hereto as Exhibit A. Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to each at an address provided by the Commission. Each is free to disseminate the letter to potential employers. If Defendant receives any inquiry about a Claimant from a potential employer, it will comply with its neutral reference policy in response.

6. For the health and safety of its patients and employees, and the community, Defendant requires its employees to receive a flu vaccination each flu season, as reflected in Defendant's Staff Immunization Policy ("SIP"). Within thirty (30) days of the entry of this Consent Decree by the Court, Defendant shall revise its SIP as follows:

a. Remove the September 1 deadline for religious and medical exemptions to the flu vaccination requirement;

b. Provide a deadline for employees to receive a flu vaccination consistent with the recommendations of the Centers for Disease Control and Prevention ("CDC") after composition of the annual vaccine is determined, manufacture of vaccine occurs and vaccine becomes available, subject to any ordering and shipping constraints;

c. Allow for requests for religious and medical exemptions to the flu vaccination requirement to be made until the deadline for receipt of the flu vaccination as established each flu season;

d. Allow the same grace period for requests for religious and medical exemptions as for those who missed the deadline for receipt of the flu vaccination, and remind non-vaccinated employees of the availability of an exemption at that time;

e. Provide that new employees hired during the active flu season will be told of the need for receipt of a flu vaccination and given an opportunity to request a religious or medical exemption; and

f. Provide that employees may make requests for exemption from the annual flu vaccination requirement at any time during the year outside of the active flu season.

Defendant shall make the revised SIP available to employees via its Intranet within forty-five (45) days of the entry of this Consent Decree, and shall publish the fact that a revised SIP has been uploaded to its Intranet in "The SCOPE on Mission & Me, Happenings and Headlines for Mission Health" ("The SCOPE") electronic magazine and by sending a mass email to all Mission employees via "MSJ-all." Within sixty (60) days of the entry of the Decree, Defendant shall report compliance with all provisions of this paragraph to EEOC. Defendant shall maintain the revised

policy throughout the term of this Consent Decree. Throughout the term of this Decree, Defendant shall also review the revised policy with all newly hired employees and provide information on how to access the revised policy via Defendant's Intranet at the time of hire.

7. During the term of this Consent Decree, Defendant shall include in all conditional offer letters, offer letters, and any other publications (e.g., flyers, screen savers, posters, "The SCOPE" electronic magazine, annual mass email reminder to MSJ-all, etc.) that discuss Defendant's mandatory flu immunization and/or flu vaccination program, the following statement: "Employees may request exemption from Mission's mandatory flu immunization program because of a sincerely held religious belief and/or medical condition. For information on how to seek a RELIGIOUS OR MEDICAL EXEMPTION click here [include hyperlink to exemption application and instructions]. No employees will be subjected to retaliation for seeking exemption from the mandatory vaccination requirement on the basis of sincerely held religious beliefs and/or medical condition."

8. Within forty-five (45) days of the entry of this Consent Decree by the Court, Defendant shall revise its formal, written anti-discrimination policy, to include the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against religious discrimination; Defendant's obligation to provide an accommodation for known sincerely held religious beliefs; the procedure for employees to request a religious accommodation; and the procedure for considering employees' requests for a religious accommodation. Defendant shall distribute to each current employee a copy of the revised policy within the aforementioned forty-five (45) day time period by making the policy available on Defendant's Intranet and publishing the fact that an updated policy has been uploaded in the "The SCOPE" electronic magazine and by sending a mass email to all Mission employees via "MSJ-

all." Defendant shall maintain the revised policy throughout the term of this Consent Decree. Within sixty (60) days of the entry of this Consent Decree, Defendant shall report compliance to the Commission. Throughout the term of this Consent Decree, Defendant shall review the revised policy with all newly hired employees at the time of hire and provide information on how to access the policy on Defendant's Intranet.

9. During the term of this Consent Decree, Defendant shall maintain a copy of the policy described in paragraph 8 *supra*, on its Intranet. Defendant shall ensure that the policy is easily locatable and accessible to employees via its Intranet. Within forty-five (45) days after the Consent Decree is entered, Defendant will post the policy on its Intranet and within sixty (60) days after the Consent Decree is entered notify the Commission that it has been posted.

10. During the term of this Consent Decree, Defendant shall provide annual training as follows:

    a. To all of its managers and supervisors, Defendant shall provide a training program that includes an explanation of the requirements of Title VII, including an employer's obligations with respect to religious accommodations, and its prohibition against religious discrimination retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 9 above, and an explanation of the rights and responsibilities of employees, supervisors, and managers under the policy. Within ten (10) days after completion of the training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

    b. To all of its non-managerial/non-supervisory employees, Defendant shall deliver a prepared statement at department meetings or by sending a mass email via "MSJ-all" that

contains the following information: (a) that Title VII of the Civil Rights Act of 1964 prohibits discrimination based on religion and requires employers to accommodate sincerely held religious beliefs of their employees absent undue hardship; (b) in accordance with Title VII, employees may request exemption from Defendant's Staff Immunization Policy on the basis of sincerely held religious beliefs; (c) that Defendant's Staff Immunization Policy is available on Defendant's Intranet; and (d) that no employee will be subject to retaliation for applying for exemption from the Staff Immunization Policy on the basis of his or her sincerely held religious beliefs. Within ten (10) days of the completion of the training, Defendant shall certify to EEOC that a manager or supervisor from each department has read the foregoing statement to the employees in his or her department or that the MSJ-all email has been sent.

  c. The first training program as outlined in paragraph 10.a and the communication identified in paragraph 10.b, *supra*, shall be completed within one hundred (100) days after entry of this Consent Decree by the Court. The subsequent training program as outlined in paragraph 10.a. shall be conducted approximately one-year after the first training. At least fifteen (15) business days prior to each program, Defendant shall submit to the Commission an agenda/copy of prepared statement for the training program by electronic mail sent to [EEOC-CTDO-decree-monitoring@eeoc.gov](mailto:EEOC-CTDO-decree-monitoring@eeoc.gov). Defendant should presume that the agenda/prepared statement is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda.

11. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree,

on each of Defendant's Human Resources bulletin boards located in Mission Hospital in a place where it is visible to employees. If a Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

12. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

- A. The identity of each applicant who has received a conditional offer of employment or employee who at any time during the reporting period requested a religious accommodation related to an exemption from Defendant's Staff Immunization Policy's influenza vaccination requirements, including by way of identification each person's full name, last known address and telephone number, job title or position sought;

- B. Information regarding the requested accommodation, including the date of accommodation request, the accommodation that was requested, whether the request was granted, what, if any, accommodation was provided to the individual; and if no accommodation was provided, a detailed explanation as to why the request was denied, including the identity of all persons involved in the decision to deny the request; and

- C. for each individual identified in 12.A. above, explain whether the individual's employment status has changed in any respect since his or her request for a religious accommodation (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time status); and a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of an individual identified in response to 12.A., if available to Defendant, within seventy-two (72) hours of a request by the Commission provided that Defendant.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

13. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may upon twenty-four (24) hours' notice interview employees and examine and copy documents. As part of a review for compliance with the posting provisions contained in paragraphs 6, 7, 9 and 11 above, the Commission may inspect Defendant's facilities without notice.

14. If at any time during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) business days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

15. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

16. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Anna Osborne at anna.osborne@msj.org with a copy to Jonathan Yarbrough at jyarbrough@constangy.com. If at any time during the term of this Consent Decree Defendant's designated points of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) business days of the change.

17. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-

monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

18. Each party shall bear its own costs and attorney's fees.

19. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Signed: January 29, 2018

Max O. Cogburn Jr
United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff** | **MISSION HOSPITAL, INC., Defendant** |

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff**

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

LYNETTE A. BARNES (NC Bar #19732)
Regional Attorney
E-mail: lynette.barnes@eeoc.gov

KARA GIBBON HADEN (NC Bar #26192)
Supervisory Trial Attorney
E-mail: kara.haden@eeoc.gov

_____
SUZANNE L. NYFELER (VA Bar #40450)
Senior Trial Attorney
E-Mail: Suzanne.Nyfeler@eeoc.gov

Richmond Local Office
400 North 8th Street, Suite 350
Richmond, Virginia 23219
Telephone: 804.771.2215
Facsimile: 804.771.2222

YOLANDA WARREN BROCK
Trial Attorney (NC Bar #36651)
E-mail:Yolanda.brock@eeoc.gov

Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.954.6471
Facsimile: 704.954.6412

**ATTORNEYS FOR PLAINTIFF**

**MISSION HOSPITAL, INC., Defendant**

s/_____
JONATHAN W. YARBROUGH
(NC Bar #21316)
Constangy, Brooks, Smith & Prophete, LLP
84 Peachtree Road, Suite 230
Asheville, North Carolina 28803
Email: jyarbrough@constangy.com
Telephone: 828.277.5137
Facsimile: 828.277.5138

**ATTORNEYS FOR DEFENDANT**

[Defendant's letterhead]

[Date]

TO WHOM IT MAY CONCERN:

We are providing the following reference on behalf of our former employee, (insert name).

(Insert name of Former Employee) was employed by Mission Hospital, Inc. from [start date] to [last date of employment]. During [Former Employee's] tenure with us, [Former Employee] held the position of [job title]. [Former Employee's] ending wage was [amount] per [hour or week], plus benefits. [Former Employee's] work was exemplary. [Former Employee] remains eligible for employment.

We hope that this information about (Insert name of Former Employee) is helpful to you in considering him for employment.

Sincerely,


_____

[Parties to agree upon signature to letter]




**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br>    Plaintiff,<br><br>v.<br><br>MISSION HOSPITAL, INC.,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:16-CV-00118<br><br>EMPLOYEE NOTICE |

1.  This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Mission Hospital, Inc. in a case of discrimination based on religion. Specifically, the EEOC alleged that Mission Hospital, Inc. discriminated against Christine Bolella, Titus Robinson, and Melody Mitchell when it failed to accommodate their religious beliefs in violation of Title VII of the Civil Rights Act of 1964 (Title VII). As part of the settlement, Mission Hospital, Inc. agreed to pay monetary damages and to take other actions set out in the Consent Decree resolving this matter.

2.  Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Title VII specifically prohibits discrimination based on an individual's religion. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3.  Mission Hospital, Inc. will comply with such federal laws in all respects. Furthermore, Mission Hospital, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

    Employees have the right and are encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U.S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the EEOC.
DO NOT REMOVE THIS NOTICE UNTIL: _____

**EXHIBIT B**